[983 NYS2d 311]

In the Matter of MATTHEW P. WATTOFF (Admitted as MATTHEW PAUL WATTOFF), an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE NINTH JUDICIAL DISTRICT, Petitioner.

Second Department, April 9, 2014

**APPEARANCES OF COUNSEL**

*Gary L. Casella,* White Plains (*Anthony R. Wynne* of counsel), for petitioner.

*Scalise & Hamilton LLP* (*Sarah Jo Hamilton* of counsel), for respondent.

### OPINION OF THE COURT

Per Curiam.

In an order filed November 28, 2011, the Supreme Court of California, inter alia, disbarred the respondent and struck his name from the roll of attorneys in that state. The order was made upon the execution of a "Stipulation Re Facts, Conclusions of Law, and Disposition and Order Approving" (hereinafter the California stipulation), signed by the respondent on or about July 18, 2011, which incorporated by reference the following factual recitation.

In about 2006 and 2007, the respondent provided tax consulting services in Colorado through Apex Consulting, LLC (hereinafter Apex), a company he formed in July 2004. At no time was the respondent licensed to practice law under the laws of the State of Colorado. Apex was not a law firm offering general legal services. In 2006, Robert Wisdom operated East of Sweden, Inc., an auto repair service in Colorado, and employed the respondent and Apex for advice and representation concerning federal tax matters. Pursuant to the respondent's advice, a new company known as East of Sweden Boulder, Inc. (hereinafter EOSB) was incorporated. On April 30, 2007, EOSB entered into an asset purchase agreement to sell the assets of EOSB to EOS Motor Sports, LLC. Wisdom, acting on behalf of EOSB, consulted with the respondent during the negotiation of the transaction. The respondent agreed to receive the funds paid to EOSB, and deposit them in an escrow account for payment of debts owed by EOSB. By agreeing to hold the funds from the sale of assets, the respondent assumed a fiduciary duty to EOSB, which required that he deposit the funds as agreed, and disburse them at the direction of EOSB.

On April 27, 2007, the sum of $144,020, representing funds paid to EOSB by EOS Motor Sports, LLC, was delivered to the respondent, to be held on behalf of EOSB until such time as those funds were disbursed to pay its expenses. On May 4, 2007, the respondent deposited said funds into a checking account maintained in the name of Apex at Bank of the West (hereinafter the Apex account). The Apex account was not designated as an escrow account. Although the respondent was the only signatory on the Apex account after June 2007, he did not ever personally reconcile the account. The respondent disbursed

funds from the account, believing there was an adequate balance to cover the disbursements. Between May 8, 2007 and July 12, 2007, the respondent properly disbursed funds received on behalf of EOSB totaling $35,900. Thereafter, the respondent was required to maintain, on behalf of EOSB, the sum of $108,120 in the Apex account. Instead, by August 31, 2007, the balance in the Apex account had dropped to -$80.68.

In view of the foregoing, the California stipulation stated that the respondent was "gross[ly] negligen[t]" in misappropriating EOSB's funds. Furthermore, "[b]y misappropriating, due to gross negligence, $108,120 of the funds received on behalf of EOSB, [the] [r]espondent committed an act involving moral turpitude, dishonesty or corruption in violation of Business & Professions Code section 6106." The California stipulation additionally cited, as an aggravating factor, the fact that the respondent's misconduct "significantly harmed a client," as the misappropriated funds had been earmarked to pay business debts. In mitigation, the California stipulation cited the respondent's cooperation in resolving the matter prior to trial; his previously unblemished disciplinary record; and the fact that the respondent's wife had died from melanoma cancer, leaving him with sole custody of their two minor children. The California stipulation further set forth that the respondent was to pay restitution to EOSB in the amount of $108,120, plus interest of 10% per annum, calculated from August 31, 2007.

On or about January 27, 2012, the Grievance Committee for the Ninth Judicial District served the respondent with a notice pursuant to 22 NYCRR 691.3, advising him of the right to file a verified statement setting forth any of the defenses to the imposition of reciprocal discipline enumerated in 22 NYCRR 691.3 (c), and to demand a hearing at which consideration would be given to any of the defenses raised. The respondent submitted a verified statement, in which he asserted that the imposition of reciprocal discipline in New York would be unjust. While the respondent did not contest the stipulated facts, he requested a hearing with respect to mitigation.

In a decision and order on application of this Court dated May 22, 2012, the Grievance Committee's application to impose reciprocal discipline was held in abeyance pending a hearing, upon the respondent's demand, and the issues raised were referred to the Honorable Stewart A. Rosenwasser, as Special Referee, to hear and report, with respect to the findings of the Supreme Court of California and the defenses raised by the respondent to the imposition of reciprocal discipline.

Following a hearing, the Special Referee determined that the respondent had not met his burden of establishing, by a preponderance of the evidence, that the imposition of reciprocal discipline would be unjust. Among other things, the Special Referee noted that the factors raised in mitigation during the course of the California proceeding did not result in deviation, and that disbarment was the penalty imposed. Moreover, while the respondent raised an additional mitigating factor in the instant proceeding, which was not considered in the California proceeding, to wit, cocaine addiction, the Special Referee found the respondent's proffer "to be more likely than not a recent fabrication."

The Grievance Committee now moves to confirm the report of the Special Referee, and to impose such reciprocal discipline as this Court deems just and proper. The respondent opposes the motion, arguing that the Special Referee failed to adequately consider the mitigation presented at the hearing.

Under the totality of the circumstances, we find that the imposition of reciprocal discipline would not be unjust. Furthermore, we find no support for the respondent's contention that the Special Referee failed to adequately consider the mitigation presented at the hearing. In determining an appropriate measure of discipline to impose, we note that, although the respondent did express some remorse and regret for his actions, he has made no effort to comply with the California State Bar requirement that he pay restitution.

Accordingly, the Grievance Committee's motion to confirm the Special Referee's report is granted, the application to impose reciprocal discipline is granted, and, effective immediately, the respondent is disbarred, based on the disciplinary action taken against him by the Supreme Court of California.

Eng, P.J., Rivera, Skelos, Dillon and Balkin, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted; and it is further,

Ordered that the petitioner's application to impose reciprocal discipline pursuant to 22 NYCRR 691.3 is granted; and it is further,

Ordered that pursuant to 22 NYCRR 691.3, effective immediately, the respondent, Matthew P. Wattoff, admitted as Matthew Paul Wattoff, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent, Matthew P. Wattoff, admitted as Matthew Paul Wattoff, shall comply with this Court's rules

governing the conduct of disbarred, suspended, and resigned attorneys (*see* 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent, Matthew P. Wattoff, admitted as Matthew Paul Wattoff, is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, Matthew P. Wattoff, admitted as Matthew Paul Wattoff, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).